**Agatsie M. LATNEY and James L. Latney, Appellants,**

**v.**

**Sol OSHINSKY, Appellee.**

**No. 2701.**

Municipal Court of Appeals for the District of Columbia.

Argued Feb. 6, 1961.

Decided April 17, 1961.

Herman Miller, Washington, D. C., for appellants.

Jacob Gordon, Washington, D. C., for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code § 11-776(b).

HOOD, Associate Judge.

Appellants Latney were sued by appellee Oshinsky for the balance due on a promissory note, formerly secured by a second deed of trust, which the Latneys had executed in the purchase of a home. As a defense and as a basis for a counterclaim the Latneys alleged they were induced to enter into the contract of purchase by fraudulent misrepresentations as to the condition of the house.

The evidence showed that the Latneys purchased the house from one Darne to whom the note was payable, and that Darne

sold and endorsed the note to Soldoro Corporation. For three years the Latneys regularly paid the instalments on the note and then stopped. They claimed at this time that by reason of complaints from the municipal authorities they had discovered that the condition of the house had been misrepresented to them when they purchased it. Foreclosure was had under the deed of trust securing the note and the note was assigned by Soldoro Corporation to Oshinsky for collection of the balance due.

At the close of the evidence the trial court directed a verdict in favor of Oshinsky and entered judgment for the unpaid balance. The Latneys have appealed and raise only one question. They say the trial court was in error in holding that Soldoro Corporation was a holder in due course.

Appellants' argument is based upon the fact that the corporation agreed to purchase the note and sent its check for the purchase amount to the title company prior to execution of the note. They argue that one cannot become the holder in due course of a promissory note not then in existence. This argument assumes that the note was actually purchased prior to its existence, but we think it is clear that although the agreement to purchase was made prior to execution of the note, the actual purchase did not occur until the note had been executed by appellants and endorsed by the payee. Although funds for the purchase were in the hands of the title company prior to execution of the note, it is obvious the title company had no authority to disburse those funds until the note was in existence and properly endorsed by the payee. The note was negotiated when it was endorsed and delivered to the purchaser (Code 1951, § 28–301) and the purchaser took it under the conditions prescribed for a holder in due course. Code 1951, § 28–402. The trial court properly ruled that the corporation was a holder in due course and the defenses raised were not available against it.

Affirmed.